UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CARLISLE CREEK, LLC et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 4:24-cv-01736-RDP |
| } | |
| **NATIONWIDE PROPERTY &** } | |
| **CASUALTY INSURANCE CO. et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs' Motion to Remand. (Doc. # 3). The Motion has been briefed and is ripe for review. (Docs. # 3, 4). For the reasons discussed below, the Motion (Doc. # 3) is due to be granted.

**I.      Background**

On June 7, 2022, Plaintiffs Carlisle Creek, LLC, Ross Hudak, and Tim Hudak filed this case against Defendant Nationwide Property and Casualty Insurance Company ("Nationwide Property") and various fictious defendants in the Circuit Court of Etowah County, Alabama. (Doc. # 1-1 at 30-32). Plaintiffs asserted a breach of contract claim against Nationwide Property. (*Id.*). Plaintiffs allege that after their building was damaged by hail in March 2018, they made a claim for benefits under their insurance policy with Nationwide Property and Nationwide Property refused to pay the claim. (*Id.*).

The case progressed in state court for the next two years as the parties took depositions, exchanged written discovery, and engaged in mediation. (Doc. # 3 at 2 ¶¶ 5, 9). One of the depositions that was taken was of Nikki Haak, who was the claims adjuster for this matter. (*Id.* at 5 ¶ 7).

On June 12, 2024, Plaintiffs filed an Amendment to Complaint adding Tiforp, LLC as an additional Plaintiff. (Doc. # 4-2). On November 18, 2024, Plaintiffs filed a second Amendment to Complaint, substituting Nationwide General Insurance Company ("Nationwide General") as a Defendant in place of the previously designated fictious parties. (Doc. # 4-3). Plaintiffs also added claims seeking declaratory relief and reformation of contract. (*Id.*).

On November 27, 2024, Nationwide Property filed a Motion to Dismiss or for Summary Judgment in state court. (Docs. # 3 ¶ 14; 4-5). On December 10 and 12, 2024, Nationwide Property participated in several depositions. (Doc. # 3 ¶ 14).

On December 16, 2024, Nationwide Property filed a Notice of Removal with this court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1). In its Notice of Removal, Nationwide Property asserts that the parties in this case are completely diverse and the amount in controversy exceeds $75,000. (*Id.*). Nationwide Property also stated the following in its notice: "The undersigned attorneys represent both Defendants and Nationwide Property and Casualty Insurance Company hereby gives notice of its consent to removal by Nationwide General Insurance Company." (*Id.* ¶ 19).

Regarding diversity of citizenship, Nationwide Property contends that both Nationwide Property and Nationwide General are citizens of the state of Ohio. (*Id.* ¶¶ 3-4). And, Nationwide Property asserts that each Plaintiff is a citizen of Alabama. (*Id.* ¶¶ 5-10). Based on each parties' citizenship, Nationwide Property contends that Plaintiffs are citizens of Alabama and Defendants are citizens of Ohio; therefore, complete diversity of citizenship exists.

Turning to the amount in controversy, although Plaintiffs do not state the amount they demand in damages in their Complaint or amendments to the Complaint, Nationwide Property asserts that "other evidence shows that the Plaintiffs seek more than $75,000." (*Id.* ¶ 13).

2

Nationwide Property points to Plaintiffs' interrogatories where they answered that the amount of damages they claimed was the "estimates provided by Steven Ward are owed plus interest at the legal interest rate from the date of the incident through the date of payment." (*Id.* ¶ 14 (citing Doc. # 1-1 at 18)). The report of Steven Ward states that the cost would be $240,000.00. (*Id.* (citing Doc. # 1-1 at 23-29)). Because $240,000.00 exceeds $75,000, Nationwide Property contends that the amount in controversy is satisfied. (*Id.* ¶ 15).

On January 14, 2025, Plaintiffs filed a Motion to Remand the case back to the Circuit Court of Etowah County, Alabama. (Doc. # 3).

## II.     Legal Standard

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Accordingly, if either the parties or the court itself questions the existence of federal subject matter jurisdiction at any point in the proceedings, the court has a constitutional responsibility to ensure that federal jurisdiction exists before it takes up any other issues presented by the parties. *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000).

Where a case is removed from state court to federal court, "[t]he moving party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). And, in the context of a motion to remand, the party opposing remand has the burden of establishing that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v.*

*Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

A party who removes a case to federal court must also comply with statutory procedural requirements. Under 28 U.S.C. § 1446(a)-(b)(1), the removing party must file a notice of removal with the "district court of the United States . . . within 30 days" of the date it receives service of the complaint. But unlike the requirement that federal jurisdiction must exist for effective removal, litigants may waive procedural requirements, including the requirement that the removing party file its notice of removal with the district court within thirty days of service. *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989) (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)).

**III.     Discussion**

Plaintiffs have moved to remand this case on several grounds. (Doc. # 3). First, Plaintiffs argue that Nationwide Property's removal was untimely. (*Id.* at 4-5). Second, Plaintiffs argue that "no new Defendant was added to invoke a new time limit to remove" because both Nationwide Property and Nationwide General have "participated in pre-suit negotiations in the more than two year defense of this action." (*Id.* at 5). Third, Plaintiffs assert that Nationwide Property has waived the ability to remove because it "has actively litigated this matter for over two years." (*Id.*). Finally, Plaintiffs contend that Nationwide Property has not established diversity of citizenship. (*Id.* at 6). Because diversity of citizenship is the key to even asserting federal subject matter jurisdiction in this case, the court addresses that argument first before considering Plaintiffs' other arguments.

### A.     Diversity of Citizenship

In its Motion to Remand, Plaintiffs argue that Nationwide Property has not established diversity of citizenship because it "has offered no evidence other than bare assertions to support its claim of diversity." (Doc. # 3 at 6 ¶ 10). The court disagrees.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from state court to federal district court if the district court would have had original subject matter jurisdiction. When an action is removed from state court, a federal district court must first determine whether it has original jurisdiction. *Univ. of S. Ala.*, 168 F.3d at 410. The district court must remand the case if it appears that jurisdiction is lacking. 28 U.S.C. § 1447(c). A removing party bears the burden of demonstrating the existence of original federal subject matter jurisdiction and that removal is otherwise proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Original federal subject matter jurisdiction includes diversity jurisdiction. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). This is the jurisdictional basis on which Nationwide Property removed this action from the Circuit Court of Etowah County, Alabama. (Doc. # 1). A district court has diversity jurisdiction when the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity; that is, every plaintiff must be completely diverse in citizenship from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

For purposes of determining diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The Eleventh Circuit has noted that "[c]itizenship, not residence, is the key fact that must be alleged in

the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Keshock v. Metabowerke GMBH*, 2015 WL 4458858, at *2 (S.D. Ala. July 21, 2015) (collecting Eleventh Circuit cases). In its Notice of Removal, Nationwide Property sufficiently alleges that Plaintiffs Ross Hudak and Tim Hudak are citizens of Etowah County and therefore, are citizens of Alabama. (Doc. # 1 ¶¶ 8-9).

A limited liability company ("LLC") is a citizen of each state of which any of its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of an LLC, the party invoking diversity jurisdiction must identify the citizenship of each member. *Id.* In its Notice of Removal, Nationwide Property states that Ross Hudak testified that he is the sole owner of Carlisle Creek Partners, LLC (also referred to as Carlisle Creek, LLC) and Tiforp Investments, LLC (also referred to as Tiforp, LLC). (Doc. # 1 ¶ 8). Nationwide Property also attached information from the Alabama Secretary of State, which shows that Carlisle Creek Partners, LLC is an Alabama LLC formed in 1996 by Ross Hudak (*id.* ¶ 5 (citing Doc. # 1-1 at 7-9)), and Tiforp Investments, LLC is an Alabama LLC formed in 2012 by Ross Hudak. (*Id.* ¶ 6 (citing Doc. # 1-1 at 10-11)). Based on Nationwide Property's allegations and support, the court finds that Nationwide Property has established that Carlisle Creek, LLC and Tiforp, LLC are citizens of Alabama.

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and the State or foreign state where it has its principal place of business . . . ." In its Notice of Removal, Nationwide Property alleges that both Nationwide Property and Nationwide General are citizens of Ohio because both Defendants were incorporated in Ohio and have their principal place of business in Columbus, Ohio. (Doc. # 1 ¶ 3). In support of its allegations, Nationwide Property attached information from

both the Ohio Secretary of State and Alabama Secretary of State. (Doc. # 1-1 at 1-6). The court finds that Nationwide Property has established that both it and Nationwide General are citizens of Ohio and that all Plaintiffs are citizens of Alabama. Accordingly, Nationwide Property has met its burden demonstrating that complete diversity exists between the parties.

Pursuant to 28 U.S.C. § 1332, in addition to diversity of citizenship, the amount in controversy must exceed $75,000. But here, Plaintiffs do not contest that Nationwide Property has met its burden alleging the requisite amount in controversy. Therefore, based on Nationwide Property's Notice of Removal, the court finds that the amount in controversy is satisfied. Because Nationwide Property has established both complete diversity and the amount in controversy requirement, the court has federal subject matter jurisdiction to hear this case. As far as removal goes – so far, so good.

### B.    Addition of a New Defendant

Plaintiffs also contend that "the amendment did not add a new party" as "[b]oth Nationwide defendants have participated in pre-suit negotiations [in and during] the more than two year defense of this action." (Doc. # 3 at 5 ¶ 7). In support of their argument, Plaintiffs point to Nationwide's website which "identifies both defendants as affiliates of Nationwide." (*Id.* (citing *id.* at 26-28). Plaintiffs also direct the court to their interactions with a corporate representative, Nicki Haak, who they allege communicated with Plaintiffs on behalf of Nationwide General before Nationwide General was added as a Defendant to the case. (*Id.* at 2 ¶¶ 7-8; 5 ¶ 7). Plaintiffs further allege that Haak was deposed as the claims adjuster for this matter and that her "communications indicate she adjusted the claim on behalf of both defendants." (*Id.* at 5 ¶ 7). Additionally, Plaintiffs allege that "[d]efense counsel identified Ms. Haak as [an] employee of Nationwide General Insurance on its witness list." (*Id.*). For all of these reasons, Plaintiffs contend that "no new

defendant was added to invoke a new time limit to remove." (*Id.*). The court finds Plaintiffs' argument without merit.

Judge Corey L. Maze ruled on a similar issue in *Patterson v. Haier US Appliance Sols. Inc.*, 2021 WL 50758 (N.D. Ala. Jan. 6, 2021). In *Patterson*, the plaintiffs sued General Electric Company in state court, but Haier US Appliance Solutions, Inc., d/b/a as GE Appliances ("Haier") answered the complaint, instead of General Electric Company. *Id.* at *1. The plaintiffs then amended their complaint to name Haier as Defendant. *Id.* Haier then filed a notice of removal to federal court twenty-five days later. *Id.* The plaintiffs subsequently moved to remand "arguing that Haier's 30-day window to remove opened months earlier when Haier got a copy of the complaint against General Electric." *Id.* Judge Maze ultimately ruled that Haier's notice of removal was timely because "the removal statutes only allow 'the defendant' to file removal notices, *see* 28 U.S.C. §§ 1441, 1446(b), and Haier was not the defendant until [the plaintiffs] amended [their] complaint." *Id.* Judge Maze relied on the Supreme Court's ruling in *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999). In *Murphy*, the Court concluded that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id.* at 350. Judge Maze summarized *Murphy*: "In short, *Murphy* holds that § 1446(b)(1)'s 30-day clock does not begin to run until there is formal service of the summons or waiver of formal service." *Patterson*, 2021 WL 50758, at *7.

Here, just as Haier was not a party in Judge Maze's case until it was actually added as a defendant by amendment, Nationwide General was not a Defendant in this case until it was added as a party by Plaintiffs' Amendment to Complaint. Plaintiffs' Amendment to Complaint, which added Nationwide General as a Defendant, was filed on November 18, 2024 (Doc. # 4-3) – over two years after the initial Complaint was filed against Nationwide Property and the various fictious

8

defendants. (*See* Doc. # 4-1). Although Plaintiffs allege that Nationwide General participated in the litigation through the actions of Haak before being named as a Defendant, these alleged actions do not mean that Nationwide General was a party-defendant. *See Patterson*, 2021 WL 50758, at *5 (holding that Haier "could not unilaterally make itself the defendant" by filing an answer to the complaint before it was named a defendant). Further, there is no evidence that Nationwide General was served with the complaint before it was added as a Defendant on November 18, 2024.

And, to the extent that Plaintiffs allege that Nationwide Property and Nationwide General are the same because "Nationwide's web site identifies both defendants as affiliates of Nationwide," this assertion is not supported by the record. (Doc. # 3 at 5 ¶ 7). As Defendants argue in their Objection to Motion to Remand, Nationwide Property and Nationwide General are separate legal entities: Nationwide Property was formed in 1979 while Nationwide General was formed in 1957. (Doc. # 4 (citing Doc. # 1-1 at 4-6)). Despite Plaintiffs' arguments in their Motion to Remand, Plaintiffs' own Amendment to Complaint indicates that Plaintiffs believe that Nationwide Property and Nationwide General are distinct entities. Plaintiffs' Amendment to Complaint substituted Nationwide General for the various fictious defendants – not Nationwide Property. (Doc. # 4-3). This demonstrates that Plaintiffs themselves believe Nationwide General and Nationwide Property to be two distinct entities as they added Nationwide General as a Defendant *alongside* Nationwide Property.

For all of these reasons, the court finds that Plaintiffs' Amendment to Complaint added Nationwide General as a new party. As a newly added Defendant, Nationwide General had the ability to file a notice of removal. But, as discussed below, that is not what occurred here.

C.    **Waiver of the Ability to Remove**

Plaintiffs argue that Nationwide Property has waived its ability to remove the case because it "has actively litigated this matter for over two years." (Doc. # 3 at 5). Plaintiffs point to the Eleventh Circuit's decision in *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough*, 365 F.3d 1244 (11th Cir. 2004) (per curiam) to support their argument. In *Yusefzadeh*, the Eleventh Circuit considered whether a defendant had waived his right to remove a state court action to federal court because he filed two motions to dismiss before filing a notice of removal. *Id.* at 1245. The court evaluated waiver of removal:

> Once a state court defendant has exercised his right to seek removal under 28 U.S.C. § 1446(a) a state court plaintiff may seek remand within thirty days after the filing of the notice of removal noting any defect with the removal. 28 U.S.C. § 1447(c). One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court.
>
> "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . ."
>
> Charles A. Wright et al. 14B Federal Practice & Procedure § 3721 (2003). Whether the state court defendant had waived his right to remove based on "active participation must be made on a case-by-case basis." *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999).

*Id.* at 1246.

Ultimately, the Eleventh Circuit concluded that the defendant in that case had not waived the right to removal. *Id.* at 1247. In support of its conclusion, the court considered Florida's procedural requirement requiring a state court defendant to file responsive pleadings within twenty days after receipt of the complaint and the removal statute which allows a state court defendant thirty days to seek removal of a state court action. *See* Fla. R. Civ. P. 1.140(a)(1); 28 U.S.C. § 1446(b). The court concluded that "[t]his discrepancy of time periods places a state court defendant

10

in a quandary" when the defendant's plan is to file a notice of removal but still must navigate the deadline for filing a motion to dismiss in state court. *Yusefzadeh*, 365 F.3d at 1246. The court held "'[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum.'" *Id.* (quoting *Hill*, 72 F. Supp. 2d at 1354). The court also noted that the defendant "[had] not schedule[d] a hearing on his motions to dismiss prior to seeking removal and the state court had not ruled on his motions to dismiss prior to his removing the case." *Id.* at 1247. For all of these reasons, the Eleventh Circuit found that the defendant had not waived his right to removal because he had not taken "substantial offensive or defensive actions in state court." *Id.*

Here, Plaintiffs argue that "two years of discovery, including taking and defending numerous depositions, and engaging in mediation, and filing of motions, including a motion to dismiss or motion for summary judgment, and filing a witness list shortly before trial definitely indicates a willingness to litigate in state court and constitutes active participation." (Doc. # 3 at 6 ¶ 9).

"The intent to waive the right to remove must be 'clear and unequivocal.'" *EHD Techs., LLC v. Cincinnati Indem. Co.*, 2018 WL 4773862, at *2 (N.D. Ala. Oct. 13, 2018) (quoting *Franklin v. City of Homewood*, 2007 WL 1804411, at *5 (N.D. Ala. June 21, 2007)). As the Eleventh Circuit held in *Yusefzadeh*, the determination of whether a defendant has sufficiently litigated on the merits in state court and waived removal is made on a case-by-case basis. 365 F.3d at 1246 (citing *Hill*, 72 F. Supp. 2d at 1354). Courts may consider two factors: "(1) whether the actions taken by the Defendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and 2) whether the removal can be characterized as an appeal from an adverse judgment of the state court." *EHD Techs.,* 2018

11

WL 4773862, at *2 (quoting *Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 40-41 (M.D. Ala. 1996)); *see also Franklin*, 2007 WL 1804411, at *5; *Tillis v. Cameron*, 2007 WL 2806770, at *4 (M.D. Ala. Sept. 25, 2007).

In their Objection to Motion to Remand, Defendants argue that *Yusefzadeh* supports their position as the Eleventh Circuit held that the defendant had not waived his right to removal based on his filing a motion to dismiss. 365 F.3d at 1246-47. If that is all Defendants had done in the state court, they may be correct in their interpretation of *Yusefzadeh*. However, here, Defendants did much more than file a motion to dismiss. Not only did Nationwide Property file a Motion to Dismiss or for Summary Judgment (Doc. # 4-5), it also took depositions, exchanged written discovery, and even engaged in mediation in the state court. (Doc. # 3 ¶¶ 5, 9). The court finds that these actions indicate an "intent to ligate on the merits in state court," especially given that they were taken over a period of two years. *Fain*, 166 F.R.D. at 40-41. Therefore, Nationwide Property waived its right to removal. Having said that, the court must also consider the interests of Nationwide General, who was not added as a Defendant until November 18, 2024. (Doc. # 4-3).

"[T]he broader policy served by § 1446(b)(2)(C) is that a later-served defendant's right to remove generally should not be compromised by an earlier served defendant's implied waiver of its own right to remove." *Norman v. Liberty Mut. Ins. Co.*, 2020 WL 8575139, at *4 (N.D. Ala. Mar. 16, 2020); *see also Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Prods., Inc.*, 234 F. Supp. 1165 (N.D. Ala. 2017) ("Consistent with the later-served rule, one defendant's strategic decisions should not bar another, newly served defendant from removing the case."). Therefore, although the court has determined that Nationwide Property (the earlier-served defendant) waived its right to removal based on its actions over the two-year period that the case was pending in state court, this does not preclude Nationwide General (the later-served defendant) from filing a notice

of removal because Nationwide General did not become a party to the state case until two years after the case was initiated.[1]

Nevertheless, for the reasons discussed below, although Nationwide General was the later-served defendant who had the ability to file a notice of removal, it was Nationwide Property who filed the Notice of Removal. Accordingly, although Nationwide General did not litigate the merits of the case in state court and arguably did not waive its right to removal, it did not remove this action. Rather, it was Nationwide Property which removed this case.

**D.     Timeliness of Removal**

Finally, as an alternative argument, Plaintiffs argue that Nationwide Property's removal is untimely. The court agrees.

Title 28 U.S.C. § 1446(b)(3) states in relevant part:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper form which it may first be ascertained that the case is or has become removable.

*Id.* Subsection (c) refers to 28 U.S.C. § 1446(c)(1) which provides: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad

---

[1] The court notes that Nationwide Property, as the earlier-served defendant, did not waive its right to consent to any potential removal by Nationwide General, the later-served defendant. Under § 1446(b)(2)(C), "earlier-served defendants who may have waived their right to independently seek removal . . . may nevertheless consent to a timely motion [for removal] by a later served defendant." *Kennedy v. Bell South Telecomm., Inc.*, 546 F. App'x 817 (11th Cir. 2013) (quoting *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008)).

Nationwide Property's Notice of Removal includes the following: "The undersigned attorneys represent both Defendants and Nationwide Property and Casualty Insurance Company hereby gives notice of its consent to removal by Nationwide General Insurance Company." (Doc. # 1 ¶ 19). Although this language indicates that Nationwide Property consented to removal by Nationwide General, the court notes that it was *Nationwide Property* who filed the Notice of Removal. Accordingly, in order to consent to removal, Nationwide General, as the later-served Defendant, needed to be the party to file the Notice of Removal. It was not the party who filed the removal petition. It merely consented to the removal.

faith in order to prevent a defendant from removing the action." The plain language of § 1446(c)(1) expressly limits the one-year bar to diversity cases "removed under subsection (b)(3)." Subsection (b)(3) allows a defendant to remove a case that, while not initially removable, *becomes removable* later through "service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"After examining § 1446(c)(1)'s plain language, every circuit to address the one-year bar – including the Eleventh Circuit, albeit [in] an unpublished opinion – has determined that it applies *only* to cases that were not removable as originally filed but become removable later." *Burns v. Superior Goods*, 2021 WL 512238, at *4 (N.D. Ala. Feb. 11, 2021) (emphasis in original); *see id.* (citing *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007); *Ariel Land Owners, Inc. v. Dring*, 351 F. 3d 611, 614 (3d Cir. 2003); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); *Carter v. Frito-Lay, Inc.*, 144 F. App'x 815, 817 (11th Cir. 2005)).

The Ninth Circuit has given us a clear explanation on this point:

> The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception.

*Ritchey v. Upjohn Drug Co.*, 138 F.3d 1313, 1316 (9th Cir. 1998).

Plaintiffs' lawsuit was removable as originally filed. Ross Hudak, Tim Hudak, and Carlisle Creek, LLC were the Plaintiffs on the date the case was filed, and all three parties are citizens of Alabama. Nationwide Property was the named Defendant when the case was filed, and it is a citizen of Ohio. There is no dispute that complete diversity of citizenship existed at the time the case was filed. And, as explained above, the amount in controversy exceeded $75,000. Therefore,

as the case was removable when it was first filed, § 1446(c)(1) simply does not apply here and Nationwide Property cannot rely on the Amendment to Complaint adding Nationwide General as a Defendant to file a notice of removal within a one-year period. But, the court's inquiry does not end here.

The court must address the "last-served defendant rule," which permits "*each* defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)." *Bailey*, 536 F.3d at 1209 (emphasis added). "To apply § 1446(c)(1)'s one-year bar to an otherwise-removable case to prevent new defendants from removing under § 1446(b)(2)(B), as here, would run afoul of the Eleventh Circuit's ruling in *Bailey* and would thwart the purpose of § 1446(b)(2)(B), 'which provides *each* defendant an opportunity to remove an action.'" *Burns*, 2021 WL 512238, at *5 (quoting *P.R. Diamond Prods., Inc.*, 234 F. Supp. 3d at 1171).

Here, Plaintiffs added Nationwide General as a Defendant on November 18, 2024. (Doc. # 4-3). Therefore, as a new Defendant, upon its receipt of formal service of process, Nationwide General had the opportunity to file a notice of removal under § 1446(b)'s last-served defendant rule. *Bailey*, 536 F.3d at 1209. To be sure, Nationwide General could have done just that – it could have filed a Notice of Removal on December 16, 2024 (which, assuming service of process was made on November 18, 2024, was within the thirty-day period to file a notice of removal). (*See* Doc. # 1). However, again, Nationwide General was not the Defendant who filed the Notice of Removal; rather it was *Nationwide Property* that filed the Notice of Removal. (*See* Doc. # 1 ("Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationwide Property and Casualty Insurance Company files this notice of removal . . . .")).

It follows that while Nationwide General would have been able to file a Notice of Removal under § 1446(b), Nationwide Property was not because Nationwide Property's time to remove the

15

case to federal court had already long expired. Under § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." Section 1446(b)(2)(B) clarifies that "[e]ach defendant shall have 30 days after receipt by or service on *that* defendant . . . to file the notice of a removal." (*Id.*). Nationwide Property was served on or about June 7, 2022, when Plaintiffs filed this case in the Circuit Court of Etowah County, Alabama. (Doc. # 1-1 at 30-32). Therefore, Nationwide Property had thirty days from June 7, 2022 to file a Notice of Removal, but it did not. Instead, it chose to file its Notice of Removal over two years later when Nationwide General was added as a Defendant.

For all of these reasons, in addition to Nationwide Property waiving its ability to remove this case by litigating on the merits, Nationwide Property's Notice of Removal was untimely.

## IV.   Conclusion

For the reasons discussed above, Plaintiffs' Motion for Remand (Doc. # 3) is due to be granted. An order reflecting this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this March 19, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE